NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIM JACKSON, | No.   22-15622 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00288-RCJ-CLB |
| v. | |
| CHRIS DUTRA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 7, 2023
Phoenix, Arizona

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Plaintiff Kim Jackson appeals the district court's order granting summary judgment to Officer Dutra, Officer Dejesus, and Sergeant Edmonson of the Sparks, Nevada Police Department. The order dismissed Jackson's claims for unlawful seizure, false arrest, and excessive force. Jackson timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bark v. U.S. Forest*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Serv.*, 958 F.3d 865, 869 (9th Cir. 2020); and we affirm in part, reverse in part, and remand.

Jackson argues that Defendants lacked probable cause to arrest her for attempted child endangerment because the crime of "attempt" requires a specific intent, which she argues is absent here. We need not decide this question of Nevada law because a reasonable police officer in Defendants' position could have concluded that there was probable cause to suspect that Jackson had committed the crime of attempted child endangerment, and qualified immunity protects an officer from suit "when he makes a reasonable mistake of law . . . ." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012). Therefore, all three Defendants were entitled to qualified immunity as to Jackson's unlawful seizure and false arrest claims. We affirm the dismissal of those claims.

Defendants Dutra and Dejesus argue that they were entitled to use force to effectuate Jackson's arrest, and also entitled to use force in their community caretaking capacity, when Jackson appeared to attempt to climb over a second-floor railing. Police officers are permitted to use force both to effectuate an arrest and, in their community caretaking capacity, to address an ongoing emergency. *Ames v. King County*, 846 F.3d 340, 348–49 (9th Cir. 2017). In the latter case, their actions must meet the overarching standard of "reasonableness." *See Miranda v. City of Cornelius*, 429 F.3d 858, 863 (9th Cir. 2005). Officers may not

continue to use force once an individual is subdued and no longer resisting. *See Hyde v. City of Willcox*, 23 F.4th 863, 871 (9th Cir. 2022) (finding use of taser excessive where plaintiff "had effectively stopped resisting"); *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130 (9th Cir. 2017) (noting that "[a]s the situation evolved, . . . the justification for the use of force waned" when a suspect was subdued and on the ground after being tased); *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003) (concluding that "some force was surely justified in restraining Drummond so that he could not injure either himself or the arresting officers," but noting that only a "minimal amount . . . was warranted"); *Watkins v. City of Oakland*, 145 F.3d 1087, 1090 (9th Cir. 1998) (holding that, when an arrestee was "recoiling from the pain" and "obviously helpless" before he was handcuffed, allowing a police dog to continue attacking him constituted excessive force).

Here, Officers Dutra and Dejesus acted reasonably when they grabbed Jackson to prevent her from climbing over the second-floor railing. Their use of force remained reasonable as Jackson resisted and they attempted to handcuff her and move her away from the railing. But the officers continued to pull Jackson's arms in opposite directions even after they had moved her away from the railing. A question of fact exists as to when Jackson ceased resisting and whether the officers' use of force continued after the emergency had ended. If Officers Dutra

3

and Dejesus used more force than necessary once Jackson had been subdued, then under clearly established Ninth Circuit caselaw, their use of force was excessive. *See Hyde*, 23 F.4th at 871; *Jones*, 873 F.3d at 1130; *Drummond*, 343 F.3d at 1059; *Watkins*, 145 F.3d at 1090. Therefore, we reverse the entry of summary judgment as to Jackson's excessive force claims against Officers Dutra and Dejesus.

Jackson also alleges that Sergeant Edmonson is subject to supervisory liability for the actions of Officers Dutra and Dejesus. Vicarious liability does not exist under § 1983, and a supervisor may be held liable for the actions of subordinates only where there exists "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam) (internal citation omitted). No such causal connection exists between Sergeant Edmonson's alleged actions and Officers Dutra and Dejesus's alleged use of excessive force. Therefore, we affirm the dismissal of all claims against Sergeant Edmonson.

**AFFIRMED in part, REVERSED in part, and REMANDED.** The parties shall each bear their own costs on appeal.